# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2283

_____

United States of America

*Plaintiff - Appellee*

v.

Adjoni Archambault, also known as Adjoni Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: May 14, 2018
Filed: July 10, 2018
[Unpublished]

_____

Before BENTON, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Adjoni Archambault appeals the sentence imposed after her supervised release was revoked for a second time. In 2014, Archambault was sentenced to 18 months in prison and five years of supervised release after she pleaded guilty to one count of distributing a controlled substance. In 2015, she was on supervised release when she hitchhiked about 300 miles to another part of South Dakota without alerting her

probation officer. As a result, her supervised release was revoked and she was returned to custody for ten months. She was released in 2016 and began a new two-year term of supervised release. In 2017, Archambault's supervised release was again revoked after she admitted to five drug-related violations. The district court[1] sentenced Archambault to 24 months in prison followed by 24 months of supervised release. Archambault appeals.

Archambault argues that the district court committed procedural error by improperly relying on a fact not supported by the record. Prior to sentencing, Archambault wrote the court a letter. The district court remarked:

> [S]he writes a very good letter. She obviously has some intelligence, but she is a drug addict. And, of course, here she has absconded. So, I mean, people are trying to help her, and she runs away, probably because she is under the influence of drugs again; but we can't help her if she runs away from the treatment center.

Archambault claims that she never absconded during her second term of supervised release, nor was there evidence she had ever run away from a treatment center. Archambault did not make this objection to the district court, so we review for plain error. See United States v. Stokes, 750 F.3d 767, 771 (8th Cir. 2014) (plain error standard of review).

We see no plain or obvious error. Archambault absconded during her first term of supervised release—a fact she does not contest. And when she absconded, Archambault was struggling with drug addiction, just as she was at the time of her second revocation hearing. Taken in context, the district court statements can be reasonably construed as responsive to Archambault's request for inpatient drug

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

treatment. Archambault argued that her addiction was a reason for treatment, not prison; but the district court expressed its belief that, given her history, Archambault would be resistant to treatment. Of note, later in the hearing, the district court referred again to her absconding. In that context, it is clear the court was referring to Archambault's conduct during her first term of supervision.

Moreover, even if the district court did rely on an unsupported fact, which we doubt, Archambault has not shown that doing so affected her substantial rights. See United States v. Kent, 531 F.3d 642, 655–56 (8th Cir. 2008) ("In order to affect substantial rights, the error must have been prejudicial. An error is prejudicial if the defendant shows a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." (cleaned up)). The district court properly relied on uncontested record evidence when it rejected Archambault's request for a sentence that prioritized treatment over imprisonment. The court explained that Archambault "has a lengthy substance abuse history and continues to abuse controlled substances," and "[t]here is no indication that she has changed her criminal history or social networks." The court also noted its concern that Archambault had begun using methamphetamine "almost immediately" after being released, and that this was Archambault's second revocation. Given these facts, there is no reasonable probability the district court would have imposed a shorter sentence.

Archambault also argues that the district court imposed a substantively unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (noting that one way a district court abuses its discretion is by giving significant weight to an improper or irrelevant factor). But as discussed above, the district court did not give undue weight to an improper factor; and it adequately considered Archambault's request for a lower sentence.

The judgment of the district court is affirmed.

_____

-3-